## BUNTON *v.* SMITH.

Where a specific performance of a parol agreement to convey lands is sought in equity, and part execution of it is relied upon to take the case out of the statute of frauds, the act of part execution must have clear and unequivocal reference to such agreement.

BELLOWS, J. This is a bill in equity, brought by Andrew Bunton against Isaac W. Smith, as guardian of John C. Woodward, and Franklin Goss and wife, in which the plaintiff seeks a decree to compel the reconveyance to him of certain real estate in Manchester, which he had some years before conveyed to his son Charles Bunton, and from whom he received back a bond for the maintenance of himself and wife.

The plaintiff's claim is based upon an alleged agreement that the land should stand holden for the maintenance of himself and wife, and should revert to him on failure to perform the conditions of the bond; that the respondents, or the persons they represented, hold merely the title of Charles Bunton, are subject to the same charge and conditions, and that there has been a failure to furnish the maintenance required by the bond.

The proofs laid before us establish the fact of an agreement that the land should, in some form, be holden for the performance of the conditions of the bond; but unfortunately that agreement was not in writing, and the objection of the respondents in their answers, that by the statute of frauds such an agreement cannot be enforced, must prevail.

We have looked in vain for some proof of a part execution of this agreement. The occupation by the plaintiff of a part of the estate is in accordance with the conditions of the bond, and it is so stated in the bill, and cannot therefore be regarded as in part execution of the parol agreement. The occupation would have been the same

had there been no such agreement. To constitute a part execution of such an agreement, so as to avoid the statute of frauds, the act relied upon must have a clear and unequivocal reference to the agreement, and be done with the sole view of its being performed. 2 Story Eq. Jur., secs. 760–764; *Kidder* v. *Barr*, 35 N. H. 285. No such proofs having been adduced, the bill must be dismissed, but it may be without prejudice.

*Morrison & Stanley*, for the complainants.

*I. W. Smith*, for the defendants.